IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURT OF COMMON PLEAS<br>OF BUCKS COUNTY<br><br>v.<br><br>CURTIS GREGORY SMITH, JR. | :<br>:<br>:  CRIMINAL ACTION<br>:  No. 23-372<br>:<br>:<br>:<br>:<br>:<br>: |

**McHUGH, J.**                                                                                           August 31, 2023

**<u>MEMORANDUM</u>**

This is a removal of a criminal prosecution from state court. The action must be remanded because Mr. Smith does not state any ground upon which removal is permitted. "There are limited circumstances in which a criminal state court prosecution can be removed to federal court." *Pennsylvania v. Smith,* No. 19-5753, 2020 WL 671017, at *3 (E.D. Pa. Feb. 10, 2020) (Savage, J.). Those circumstances are set forth in three statutes: 28 U.S.C. §§ 1442, 1442a and 1443. *Id.* Section 1442(a) allows removal of state criminal actions brought against "federal officers and agencies for acts done under color of law." *Id.* Section 1442a permits removal of criminal prosecutions brought against a member of the armed forces for an act done "under color of his office or status." *Id.* Lastly, § 1443 authorizes removal of criminal prosecutions in two situations. The first situation where removal is proper under § 1443 occurs when a defendant "is denied or cannot enforce" in the state court "a right under any law providing for the equal civil rights of citizens." 28 U.S.C. § 1443(1). Under this subsection, the defendant must show that he was deprived of rights guaranteed by a federal law that provides for "specific civil rights stated in terms of racial equality." *Davis v. Glanton,* 107 F.3d 1044, 1047 (3d Cir. 1997); *Georgia v. Rachel,* 384 U.S. 780, 792 (1966). The second situation under § 1443 in which removal is proper applies to federal officers and "those authorized to act with or for them in affirmatively executing

duties under any federal law providing for equal civil rights," and to state officers who refuse to do an act because it would be inconsistent with such law. *City of Greenwood v. Peacock,* 384 U.S. 808, 824, 824 n.22 (1966); see 28 U.S.C. § 1443(2); *Smith*, 2020 WL 671017, at *3.

In this case, removal is not proper because Mr. Smith is neither a federal or state officer, nor is he a member of the armed services. Further, Mr. Smith cannot remove his case under § 1443(1) because he does not allege any violation of rights stated in the specific terms of racial equality. *See Rachel,* 384 U.S. at 792 (explaining that a broad claim under the Due Process Clause or § 1983 cannot support removal under § 1443 because those clauses are not grounded in the specific language of racial equality). Thus, because Mr. Smith has not stated any ground upon which removal is proper, I must remand this action to the Court of Common Pleas of Bucks County. *See Pennsylvania v. Jacobs*, No. CR 22-292, 2022 WL 16836974, at *1–2 (E.D. Pa. Nov. 9, 2022).

An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge